Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7860 | **DATE** | 3/29/2002 |
| **CASE TITLE** | United States of America *ex rel.* Reginald D. Lockett v. Odie Washington | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Lockett's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached Memorandum Opinion and Order, Lockett's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 29 2002 date docketed | |
| X | Docketing to mail notices. | | | 29 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | mds (lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>**REGINALD D. LOCKETT**<br><br>Petitioner,<br><br>v.<br><br>**ODIE WASHINGTON**<br>Director, Illinois Department of Corrections<br><br>Respondent. | No. 97 C 7860<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is Reginald D. Lockett's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Petitioner is denied habeas relief.

### I. Factual and Procedural Background

Following a jury trial in the Circuit Court of Winnebago County, Petitioner was found guilty of home invasion and robbery and sentenced to concurrent terms of 10 years' imprisonment for robbery and 40 years' imprisonment for home invasion. Petitioner filed a direct appeal to the Illinois Appellate Court, in which he presented one issue for review. Namely, he argued that the cumulative prejudicial effect of improper cross-examination of Petitioner and improper rebuttal argument denied Petitioner a fair trial. On July 12, 1995, the Illinois Appellate court affirmed the decision of the trial court in an unpublished order. Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court from his direct appeal.

On October 3, 1995, Petitioner filed a petition for post-conviction relief. Petitioner alleged that he was denied the effective assistance of trial and appellate counsel. On December 1, 1995, the trial court dismissed Petitioner's post-conviction petition. The court found the post-conviction petition to be "frivolous and patently without merit, alleging only conclusions with no factual or legal basis to support said conclusions."

On January 4, 1996, Petitioner filed a notice of appeal from the dismissal of his post-conviction petition. In his post-conviction appeal, Petitioner raised one issue, namely, whether the trial court erroneously dismissed the *pro se* post-conviction petition as frivolous when it contained the gist of a meritorious issue of ineffective assistance of trial and appellate counsel. On May 27, 1997, in an unpublished Rule 23 summary order, the appellate court affirmed the dismissal of Petitioner's post-conviction petition.

On June 13, 1997, Petitioner filed a petition for rehearing in the appellate court. The appellate court denied the petition for rehearing on July 9, 1997. Petitioner subsequently filed a petition for leave to appeal to the Illinois Supreme Court. Petitioner raised one issue, namely, whether the trial court erroneously dismissed the *pro se* post-conviction petition as frivolous when it contained the gist of a meritorious issue of ineffective assistance of trial and appellate counsel. On October 1, 1997, the Illinois Supreme Court denied Petitioner petition for leave to appeal.

On November 10, 1997, Petitioner filed a Petition for Writ of Habeas Corpus with this Court.

## II. Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is also a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court;

-3-

or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

### III. Discussion

In his petition, Petitioner raises eleven issues for review: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) whether the cumulative effect of the prosecution's improper cross-examination and rebuttal argument denied Petitioner due process; (4) that the trial court erred in ruling on objections; (5) that the jury was partial; (6) that the trial court erred in admitting certain evidence; (7) that the prosecution made improper opening and closing arguments; (8) that he was not allowed to testify; (9) that the trial court erred in denying his motion for discharge; (10) that the trial court was biased; and (11) that the verdict was the result of insufficient deliberation by the jury.

While Petitioner presents several grounds for relief, all of them are barred by procedural default. This Court addresses each ground in turn.

### *Grounds 1 and 2: Ineffective assistance of trial and appellate counsel*

Petitioner contends that he was denied the right to effective assistance of trial counsel when counsel: (a) failed to investigate Petitioner's claim of duress; (b) filed an inadequate motion for a new trial; (c) gave improper closing argument; (d) "for learning in his somewhat investigation that the investigation [sic] officer has not discovered any latent prints at the crime scene;" (e) prevail on the motion for discharge on speedy trial grounds; and (f) for allowing the state to admit certain physical evidence particularly the "hand-held-mirror" and "pillowcase" introduced at trial. As to his ineffective assistance of appellate counsel claim, Petitioner sets forth the standard instead of stating facts that would support his claim. Respondent asserts that Petitioner's ineffective assistance of trial and appellate counsel claims are barred by procedural default because the state court clearly relied on a state procedural bar as an independent basis for its denial of relief.

On appeal from the dismissal of Petitioner's post-conviction petition, the Illinois Appellate Court found that Petitioner's ineffective assistance of counsel allegations were "either highly conclusional or incoherent." The court found that of the allegations that it could understand, they were not supported by references to the trial record or by affidavits. The court noted that although a *pro se* defendant seeking post-conviction relief is not expected to construct legal arguments, cite legal authority, or draft a petition as artfully as counsel, he must still plead sufficient facts from which the trial court could find a valid claim of the deprivation of a constitutional right. In affirming the trial court's dismissal of Petitioner's post-conviction petition, the appellate court found, "Here, defendant's [post-conviction] petition, alleging

ineffectiveness of counsel, was clearly insufficient, as it alleged only conclusions with no factual or legal basis to support them."

Generally, a federal court may not reach the merits of a habeas petition that challenges a state conviction if the "state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman, 501 U.S. at 729-30; Barksdale v. Lane, 957 F.2d 379, 382 (7th Cir. 1992), cert. denied 506 U.S. 890 (1992). In such cases, that state judgment is based on adequate and independent state procedural grounds. Barksdale, 957 F.2d at 382. "[A federal court] will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and 'adequate' basis for the court's decision." Lostutter v. Peters, 50 F.3d 392, 395 (7th Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 260 (1989)). Under Illinois law, a post-conviction petition shall have attached affidavits, records, or other evidence supporting its allegations or state why such documents are not attached. 725 ILCS 5/122-2 (West 1994). Petitioner's post-conviction petition clearly did not meet Illinois' statutory requirements for specificity. Therefore, the claims raised therein are procedurally defaulted; the state court's reliance on an independent and adequate state ground bars review of this claim.

Even after an adequate and independent finding of procedural default, a federal court can review Petitioner's claim if Petitioner can show "cause" for the default and "prejudice attributable thereto," or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." Harris, 489 U.S. at 261 (quoting Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)). Petitioner, however, has offered no argument to this Court as to why this particular default should be excused, nor does he claim that a fundamental

miscarriage of justice occurred. Therefore, Petitioner's claims of ineffective assistance of trial and appellate counsel are procedurally defaulted.[1]

*Grounds 3-11*

This Court also cannot reach the merits of Petitioner's remaining grounds because they, too, are procedurally defaulted. These claims are: (3) whether the cumulative effect of the prosecution's improper cross-examination and rebuttal argument denied Petitioner due process; (4) that the trial court erred in ruling on objections; (5) that the jury was partial; (6) that the trial court erred in admitting certain evidence; (7) that the prosecution made improper opening and closing arguments; (8) that he was not allowed to testify; (9) that the trial court erred in denying his motion for discharge; (10) that the trial court was biased; and (11) that the verdict was the result of insufficient deliberation by the jury.

However meritorious Petitioner's above claims may be, they are not properly before this Court because he failed to raise them in the state court system. See Farrell, 939 F.2d at 411. Such failure to raise a claim in the state courts results in a procedural default unless there is a showing of good cause and actual prejudice for the Petitioner's failure, or a demonstration that

---

[1] Petitioner also requests an evidentiary hearing in this case. Petitioner, however, does not support his request with any argument establishing how the record is insufficient to dispose of his claims without further proceedings. Moreover, any absence of facts in the record is the result of Petitioner's failure to develop adequately those facts. The evidentiary hearing provision of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") precludes this Court from holding an evidentiary hearing when the Petitioner has failed to develop the factual basis of a claim in the state courts, unless the claim relies upon a new rule of constitutional law or a newly discovered factual predicate and the facts underlying the claim would prove the Petitioner's innocence. See AEDPA, Pub. L. 104-132, sec. 104(4), 110 Stat. 1214, 1219 (1996). Petitioner's claims fail to meet either of the articulated exceptions of the AEDPA; therefore, no hearing is warranted.

a default would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50; Steward v. Gilmore, 80 F.3d 1205, 1211 (7th Cir. 1996). Petitioner alleges neither cause nor prejudice to excuse his default for any of the remaining claims, nor does he allege that the failure to consider any of these claims would result in a fundamental miscarriage of justice. Therefore, without properly having presented his claims before the state court system, and without showing good cause and actual prejudice or that a default would be a fundamental miscarriage of justice, Petitioner has defaulted remaining grounds 3-11. See Cawley v. Delta, 71 F.3d 691, 694 (7th Cir. 1995) (noting that failure to raise an issue on appeal in post-conviction proceedings constitutes procedural default, preempting further review in a habeas court).

## IV. Conclusion

For the foregoing reasons, Petitioner Reginald Lockett's petition for writ of habeas corpus is DENIED. This case is CLOSED.

Enter:

_____
David H. Coar
United States District Judge

Dated: March 29, 2002